# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:22-CV-1007 |
| MARY TERESA WONKA, et al., | § § § | Judge Mazzant |
| *Defendants.* | § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States' Motion for Partial Summary Judgment Against Defendant Mary Teresa Wonka (Dkt. #19). Having reviewed the motion, the briefing, and the relevant law, the Court finds that United States' Motion for Partial Summary Judgment Against Defendant Mary Teresa Wonka should be **GRANTED**.

## BACKGROUND

This case arises from the unpaid tax liability of Mary Teresa Wonka. Based on documents (two (2) Form 4340s) that the United States submitted, Wonka had unpaid federal income and self-employment tax liabilities of $451,354.86 and $437,474.73 for the 2013 and 2014 tax years, respectively (Dkt. #19, Exhibit 1 at pp. 4, 11). Further, the United States submitted INTST reports from the Internal Revenue Service's IDRS computer system to reflect updated payoff balances as of January 1, 2024 for Wonka remaining tax liability (Dkt. #19, Exhibit 2 at p. 4).

On November 28, 2022, the United States brought suit against Wonka, Dock Side Boat and RV Storage, LLC ("Boat & RV Storage"), and Margie H. Grissom, in her official capacity as the

Anderson County Tax Assessor-Collector, for a judgment against Wonka for unpaid tax liabilities, enforcement of federal tax liens, and avoidance of a fraudulent transfer pursuant to the Texas Uniform Fraudulent Transfers Act (Dkt. #1). The United States only remaining claim is for a judgment against Wonka for unpaid tax liabilities (*See* Dkt. #23). Wonka and Boat & RV Storage filed an answer, admitting that Wonka owed $1,314,804.80 in unpaid taxes as of October 17, 2022 (Dkt. #1 ¶ 11; Dkt. #12).

However, the United States notes that Wonka and Boat & RV Storage sold property (that was subject to a federal tax lien) to a private buyer with the United States' consent and on terms set by the United States (Dkt. #19 at p. 2). Although this sale satisfied a portion of Wonka's federal tax liability, it did not eliminate Wonka's federal tax liability entirely (Dkt. #19 at p. 2; Dkt. #19, Exhibit 2 at p. 4). The United States claims that Wonka's current federal tax liability is $802,307.86 (Dkt. #19 at p. 3).

On January 2, 2024, the United States filed the present motion for partial summary judgment, requesting that the Court find Wonka liable to the United States for unpaid federal income and self-employment taxes for 2013 and 2014 in the amount of $802,307.86, plus statutory additions and prejudgment and post judgment interest (Dkt. #19). Wonka did not file a response.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982)

(quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence."

"A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Id.* "[W]here no response has been filed, the Court may properly take as undisputed those facts set forth in the statement of undisputed facts contained within a motion for summary judgment." *Bradley v. Chevron U.S.A., Inc.*, No. Civ. A. 2:04-CV-092-J, 2004 WL 2847463, at *1 (N.D. Tex. Dec. 10, 2004) (citing *Eversley v. MBank of Dall.*, 843 F.2d 172, 174 (5th Cir. 1988)). "In resolving the motion for summary judgment, the [C]ourt will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the responsive brief filed in opposition to the motion, as supported by proper summary judgment evidence." Local Rule CV-56(c).

## ANALYSIS

The United States argues that it is entitled to summary judgment against Wonka for her unpaid federal tax liability because it produced a prima facie and unrebutted case (Dkt. #19). Specifically, the United States produced two (2) tax assessment forms via two (2) Form 4340s to create "a legal presumption of correctness" (Dkt. #19 at p. 4). Further, Wonka did not respond to

the United States' motion, and she has admitted she owes unpaid taxes to the United States (Dkt. #19 at p. 5).

"As soon as practicable, and within 60 days, after the making of an assessment of tax . . . [the Secretary of the Treasury or his delegate shall] give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." 26 U.S.C. § 6303(a). The Secretary of the Treasury or his delegate "shall collect the taxes imposed by the internal revenue laws." *Id.* § 6301. Further, the "district courts of the United States . . . shall have the jurisdiction to . . . in civil actions . . . render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." *Id.* § 7402.

The United States has produced an affidavit by Lauri J. Day, a revenue officer advisor in the Civil Enforcement Advice/Support Operations Division of the IRS, stating, in part, that "[a] delegate of the Secretary of Treasury properly gave notice and demand for payment of the assessments . . . to Mary Teresa Wonka" (Dkt. #19, Exhibit 2 at p. 3). The Form 4340 Certificates indicate that the IRS provided the appropriate notices to Wonka (Dkt. #19, Exhibit 1 at pp. 2, 6). These Form 4340 Certificates constitute presumptive proof that the notices were properly sent to Wonka. *United States v. McMahan*, No. V–08–07, 2008 WL 5114651, at *4 (S.D. Tex. Dec. 3. 2008); *Geiselman v. United States*, 961 F.2d 1, 6 (1st Cir. 1992). Wonka has not presented any evidence to suggest that the IRS did not provide the appropriate notices to her.

Regardless, the "notice provision in Section 6303(a) was designed to protect taxpayers from the summary administrative powers of the IRS." *McCallum*, 970 F.2d at 70. "Such protection is unnecessary when the government initiates a civil proceeding because the complaint gives the taxpayer notice that the government is proceeding against his property." *Id.* Thus, the Fifth Circuit

has held "that failure to give Section 6303(a) notice does not bar the government from bringing a civil action against a taxpayer to collect unpaid taxes." *Id.*

As Wonka did not respond to the United States' motion, the Court accepts the United States' "Summary of Undisputed Facts" as undisputed facts. *See Bradley*, 2004 WL 2847463, at *1; Local Rule CV-56(c). Therefore, the Court accepts the United States' claim that Wonka owes it $802,307.86 in unpaid taxes as of January 1, 2024 as undisputed. Further, Lauri J. Day swore in her affidavit that Wonka owed $802,307.86 in unpaid taxes to the United States as of January 1, 2024 (Dkt. #19, Exhibit 2 at p. 3).

Therefore, the United States has met its burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. The Court grants the United States' partial motion for summary judgment and finds that Wonka owes to the United States $802,307.86, as of January 1, 2024, in unpaid federal income and self-employment taxes, penalties, and accrued interest for tax years 2013 and 2014, plus statutory additions and pre-judgment and post-judgment interest at the rates set forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c), until paid.

## CONCLUSION

It is therefore **ORDERED** that United States' Motion for Partial Summary Judgment Against Defendant Mary Teresa Wonka (Dkt. #19) is hereby **GRANTED**. Wonka shall pay to the United States of America $802,307.86, as of January 1, 2024, in unpaid federal income and self-employment taxes, penalties, and accrued interest for tax years 2013 and 2014, plus statutory additions and pre-judgment and post-judgment interest at the rates set forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c), until paid.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of July, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE